

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-77,838-01 & WR-77,838-02

### EX PARTE CAL MAURICE BUTLER, Applicant

## ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. F-06-65524-V & F-06-65525-V IN THE 292ND DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of aggravated assault and sentenced to forty years' imprisonment on each count. His appeal in cause number F-06-65525-V was dismissed. *Butler v. State*, No. 05-07-00968-CR (Tex. App.—Dallas 2007, no pet.).

In a single ground, Applicant contends that he was denied his right to appeal. We remanded these applications on August 22 and October 31, 2012. After holding a live evidentiary hearing, the trial court made findings of fact and conclusions of law and recommended that we grant Applicant

out-of-time appeals.  We agree.  Applicant is entitled to the opportunity to file out-of-time appeals of the judgment of convictions in cause numbers F-06-65524-V and F-06-65525-V from the 292nd District Court of Dallas County.  Applicant is ordered returned to that time at which he may give written notices of appeal so that he may then, with the aid of counsel, obtain meaningful appeals. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent.  If he is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent him on direct appeal.  All time limits shall be calculated as if the sentences had been imposed on the date on which the mandate of this Court issues.  We hold that, should Applicant desire to prosecute appeals, he must take affirmative steps to file written notices of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.


Delivered:  June 12, 2013
Do not publish